The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commission Ford and the briefs and oral arguments before the Full Commission. The parties have not shown good ground to receive further evidence. However, the parties have shown good ground to reconsider the evidence. The Full Commission, having reviewed the evidence once again, modifies the Opinion and Award as follows.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. A North Carolina Industrial Commission Form 21, Settlement Agreement approved September 1, 1992 appears in the Commission file.
2. On July 14, 1992, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date the employer-employee relationship existed between the parties.
4. As of said date, Liberty Mutual provided the coverage to the employer as provided under said Act.
5. That the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on July 14, 1992.
6. On said date the plaintiff was earning an average weekly wage of $306.40.
7. That the issues to be determined in this case are:
 a. Are the injuries of which the plaintiff complains caused by the accident occurring on July 14, 1992; and,
 b. If so, to what further compensation and/or medical benefits, if any, is the plaintiff entitled under the Act.
8. The plaintiff has been paid compensation to September 21, 1992 and is making no claim for compensation prior to said date.
At the hearing on March 22, 1994, the parties introduced the following exhibits:
1. Defendants' Exhibit 1, marked D1, consisting of a medical release to return to work dated December 17, 1992.
2. Defendants' Exhibit 2, marked D2, consisting of a medical statement of sit-down work dated September 18, 1992.
3. Defendants' Exhibit 3, marked D3, consisting of time cards during the period of light duty work.
4. Defendants' Exhibit 4, marked D4, consisting of a photograph.
5. Defendants' Exhibit 5, marked D5, consisting of a termination check list.
Subsequent to the hearing on March 22, 1994, the parties entered the following documentation into the record which have been considered by the Full Commission in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of Robert B. Anderson, M.D. dated April 11, 1994.
2. Deposition of John T. McCormick, M.D. dated April 26, 1994.
3. Fifteen pages of medical records.
* * * * * * * * * * * * * *
The Full Commission modifies the Findings of Fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On July 14, 1992, the plaintiff, age 23 with a twelfth grade education and who had been working for the defendant-employer since 1988, was employed by the defendant-employer as a production worker.
2. On July 14, 1992 Plaintiff, while employed by the defendant-employer, suffered compensable crush injuries to both feet, including fractures, when a large piece of furniture fell on her lower legs for which compensable injury she has been compensated by the defendants through September 21, 1992, on which date the plaintiff returned to work for the defendant-employer and thereafter worked for defendant-employer until October 7, 1992. She was treated by orthopedic surgeon Dr. John T. McCormick, who released Plaintiff on a p.r.n. basis and authorized her to return to work.
3. At that time Dr. McCormick was of the opinion that Plaintiff had no permanent partial disability. Dr. McCormick's instruction to Plaintiff was to work half days at sit down work only, and his office note of September 17, 1992 reflects these restrictions. She was restricted to half day work for the first month after she was permitted to return to work.
4. Plaintiff returned to work with the defendant-employer on or about September 21, 1992. Although plaintiff was under a half day work restriction ordered by her treating physician, she was asked by the employer to work full days and she did in fact work full eight hour days. Although restricted by her treating physician to sit down work, defendant-employer required plaintiff to go up and down approximately twenty steps to get to a copier an average of two times a day, during which she felt tingling and throbbing in her feet, and also required her to carry boxes of hardware to and from her work station distances of 50 to 100 feet an average of four or five times a day, both of which contravened her treating physician's instructions.
5. Plaintiff worked for defendant-employer until on or about October 7, 1992, at which time she quit because of pain in her feet. Plaintiff attempted to work as a substitute at a child care facility from December of 1992 until February of 1993, but she was not able to take care of the children because the standing and lifting hurt her feet. As of the date of the hearing, she had applied for other jobs but had not been hired. Subsequent to October 5, 1992, plaintiff sought medical care for her foot complaints on November 5 and 6, 1992, December 17, 1992, February 24, 1993 and March 24, 1994.
6. Since her compensable injury on July 14, 1992, the plaintiff has experienced discomfort in her feet, particularly her right foot; but plaintiff is ambulatory and capable of performing her work duties in a sitting position.
7. Although the plaintiff has been medically rated concerning her permanent disability, at least one medical provider has also rendered an opinion, and the Full Commission so finds, that further medical testing would be beneficial to the future treatment of plaintiff's foot complaints with a view to lessening her pain. Final rating for permanent partial disability is premature at this time.
8. The plaintiff has lost time from work as a result of the injury which she sustained on July 14, 1992, and should receive temporary total disability compensation for such time.
9. The plaintiff was earning an average weekly wage of $306.40 on July 14, 1992, which yields a compensation rate of $204.25.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On July 14, 1992, the plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer. She was released to half day sit down work on 17 September 1992 but such work was not made available to her by defendant.
2. The plaintiff is entitled to temporary total disability compensation benefits of $204.25 for all weeks since October 7, 1992 during which she was unable to earn wages by reason of her compensable injury until further order of the Commission. The defendant is entitled to credit for earnings that plaintiff was able to accomplish during sporadic periods of time she was able to find employment.
3. The plaintiff is entitled to the payment of unpaid and future medical expenses for medical testing and treatment of the injuries which she sustained on July 14, 1992.
4. Partial permanent disability, if any, should be left open, pending additional medical evaluation and treatment.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission modifies the holding of Deputy Commissioner Ford and enters the following:
AWARD
1. The defendants shall pay to the plaintiff temporary total disability compensation benefits at the rate of $204.27 per week commencing October 7, 1992 and continuing until further order of the Commission, less the attorney fee hereinafter provided and with credit for the earnings plaintiff was able to earn during that period.
2. The defendants shall pay all unpaid and future medical expense resulting from said injury when the same have been presented and approved as by law provided.
3. That part of the compensation that has already accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee hereafter awarded.
4. An attorney fee of twenty-five percent of the compensation herein allowed is hereby approved and awarded to David S. Lackey for his services to the plaintiff. With respect to compensation that had already accrued, the attorney fee is to be deducted and paid directly to said attorney. Thereafter, defendant shall pay every fourth compensation payment directly to said attorney.
5. The issue of partial permanent disability, if any, shall be left open at this time, pending further medical evaluation and treatment.
6. The defendants shall pay the costs.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER